**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

AL HANNAH,

        Plaintiff,

v.

WARDEN PAUL KAMINSKY, et al.,

        Defendants.

Civil Action No. 21-9615 (MAS) (DEA)

OPINION

**SHIPP, District Judge**

This matter comes before the Court on the Court's review of Plaintiff's application to proceed *in forma pauperis* (ECF No. 1 at 11-13[1]) and *sua sponte* screening of *pro se* Plaintiff Al Hannah's civil rights complaint. (ECF No. 1.) As Plaintiff has shown that he is entitled to proceed *in forma pauperis* in this matter his application will be granted. This Court is therefore required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim that is frivolous, malicious, or fails to state a basis for relief. For the reasons set forth below, this Court will dismiss Plaintiff's complaint without prejudice.

**I.    BACKGROUND**

Plaintiff is a state pre-trial detainee currently detained in the Somerset County Jail who suffers from end stage renal disease. (ECF No. 1 at 2-3, 9.) He is transported to a local hospital for dialysis treatments three times a week for this condition. (*Id.* at 9.) Since the jail adopted

---

[1] All page numbers used in this opinion refer to those provided by the ECF filing system rather than the page numbers provided by Plaintiff as Plaintiff's numbering system includes numerous repeated page numbers.

protocols aimed at mitigating the threat of COVID-19 and because Plaintiff frequently leaves the jail for treatment at a hospital at which he could conceivably contract the virus, Plaintiff has been held since April 2020 in a quarantine unit. (*Id.* at 6-7.) Because of this placement, Plaintiff contends that he has received limited recreation and exercise opportunities, has been subjected to unsafe conditions of confinement, and has been placed at risk of contracting the virus. (*Id.* at 5-10, 14-16.) Upon returning to the jail following dialysis treatment on Friday, January 29, 2021, Plaintiff began to feel feverish and to experience chills, despite a forehead thermometer reading which did not detect a fever. (*Id.* at 15.) He reported these symptoms to nursing staff, but did not ultimately display a fever and receive a COVID-19 test until Monday, February 1, when he returned to the hospital for dialysis. (*Id.* at 15-16.) Although Plaintiff was treated for, and recovered from the virus, he now seeks to bring claims against various jail officials arising out of what he contends amounts to both unconstitutional conditions of confinement in the quarantine unit and his having been placed at undue medical risk. (*Id.* at 5-10, 14-19.) Based on these claims, Plaintiff seeks both monetary damages and release from the jail. (*Id.* at 10, 19.)

In his complaint, Plaintiff acknowledges that there are available administrative remedies he could pursue to have his claims addressed by the jail before proceeding with suit in this Court. (*See id.* at 6-8.) Plaintiff, however, did not make use of these remedies before filing suit in this Court, as he did not expect to contract COVID-19 until it actually occurred. (*Id.*) Plaintiff thus explicitly states in his complaint that he has failed to exhaust his administrative remedies prior to the filing of his current complaint.

## II.   LEGAL STANDARD

This Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff will be granted *in forma pauperis* status in this matter. Pursuant to this statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon

2

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

3

'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## III.   DISCUSSION

In his complaint, Plaintiff seeks to raise various civil rights claims concerning his conditions of confinement, including the cleanliness of the jail, the quality of medical care available, and the limited ability to exercise while housed in a quarantine unit. Pursuant to 42 U.S.C. § 1997e(a), however, "[n]o action shall be brought with respect to [confinement] conditions under section 1983[,] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The statute requires prisoners, including pre-trial detainees, *see* § 1997e(h), to "exhaust administrative remedies even where the relief sought – [such as] monetary damages – cannot be granted by the administrative process." *Woodford v. Ngo*, 548 U.S. 81, 84-85 (2006); *see also Booth v. Churner*, 532 U.S. 731, 734 (2001). Where administrative remedies are available, a plaintiff seeking to raise civil rights claims related to his conditions of confinement must therefore fully and properly exhaust his administrative remedies prior to filing suit, and even exceptional circumstances will not excuse a plaintiff's failure to exhaust his claims prior to filing his complaint. *Ross v. Blake*, --- U.S. ---, ---, 136 S. Ct. 1850, 1856-57 (2016). This "exhaustion requirement applies to all inmate suits about [detained] life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see also Booth v. Churner*, 206 F.3d 289, 298 (3d Cir. 2000), *aff'd*, 532 U.S. 731 (2001).

In this matter, Plaintiff in his complaint acknowledges that there are administrative remedies available to him, and states that he did not seek to exhaust them prior to filing suit in this

4

matter because he did not expect to contract COVID-19 regardless of his distaste for his current conditions of confinement. As all of Plaintiff's claims relate directly to his conditions of confinement, and as Plaintiff acknowledges that administrative remedies are available to him, this fact is fatal to his ability to bring suit in this matter. *Ross*, 136 S. Ct. at 1856-57*Porter* 534 U.S. at 532. Plaintiff's complaint must therefore be dismissed without prejudice. Plaintiff is free to file a new complaint upon the completion of the exhaustion of his administrative remedies.[2]

## IV. CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1 at 11-13) is **GRANTED**, and his complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** to the filing of an amended complaint after Plaintiff has exhausted his administrative remedies. An order consistent with this Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[2] Although this Court's dismissal of Plaintiff's complaint is without prejudice to him filing an amended complaint if and when he administratively exhausts his claims with the jail, the Court notes that one of the forms of relief he seeks – his release – is not ordinarily available in a § 1983 action and instead could only be sought through either state court processes or a petition for a writ of habeas corpus. *See, e.g., Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

5